23-7247-cv
*Article 13 LLC v. Lasalle Nat'l Bank Ass'n*

# In the
# United States Court of Appeals
# for the Second Circuit

_____

August Term 2024
No. 23-7247-cv

ARTICLE 13 LLC,
*Plaintiff-Appellee,*

OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL,
*Intervenor,*

v.

PONCE DE LEON FEDERAL BANK, ALLIANCE MORTGAGE BANKING CORP., VAN BUREN GROUP, INC.,
*Defendants,*

v.

LASALLE NATIONAL BANK ASSOCIATION,
*Defendant-Appellant.* [*]

_____

On Appeal from the United States District Court
for the Eastern District of New York

_____

ARGUED: NOVEMBER 13, 2024
DECIDED: MARCH 25, 2025

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as displayed above.

1

Before: KEARSE, RAGGI, and KAHN, *Circuit Judges*.

In 2020, Plaintiff-Appellee Article 13 LLC brought this quiet title action against Defendant LaSalle National Bank Association, now Defendant-Appellant U.S. Bank, seeking to discharge a mortgage as time-barred because an action to foreclose on the mortgage had been commenced in 2007. In opposition, the Defendant argued that the statute of limitations on the foreclosure had not expired because the 2007 foreclosure action was invalid to accelerate the mortgage debt. The district court found there was a disputed issue of material fact affecting the validity of the 2007 foreclosure action and denied both parties' motions for summary judgment. Days after the district court's ruling, New York enacted the Foreclosure Abuse Prevention Act ("FAPA"), which, in part, bars the defense of the invalidity of prior accelerations of mortgages in quiet title actions. Upon a motion for reconsideration from Article 13 LLC, the district court applied FAPA and granted summary judgment in Article 13 LLC's favor. U.S. Bank now appeals, arguing that FAPA has no retroactive effect and, to the extent that it does, that retroactivity is unconstitutional under the New York Constitution and U.S. Constitution.

Whether FAPA is retroactive and whether its retroactive application comports with the New York Constitution are novel questions of state law essential to deciding this appeal. Accordingly, we certify the following questions to the New York Court of Appeals, deferring our resolution of this appeal pending that court's response:

1. Whether, or to what extent does, Section 7 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. § 213(4)(b), apply to foreclosure actions commenced before the statute's enactment?

2. Whether FAPA's retroactive application violates the right to substantive and procedural due process under the New York Constitution, N.Y. Const., art. I, § 6?

_____

PATRICK G. BRODERICK (Steve Lazar, *on the reply brief*), Greenberg Traurig, LLP, New York, NY; (Kathleen M. Massimo, *on the opening brief*), Houser LLP, New York, NY, *for the Defendant-Appellant*.

Danielle Paula Light, Hasbani & Light, P.C., New York, NY, *for the Plaintiff-Appellee*.

>MARK S. GRUBE, Senior Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), for Letitia James, Attorney General for the State of New York, New York, NY, *for the Intervenor*.
>
>Matthew A. Schwartz, Leonid Traps, Austin P. Mayron, Sullivan & Cromwell LLP, New York, NY, *for Amici Curiae New York Bankers Association, New York Mortgage Bankers Association, American Bankers Association, Mortgage Bankers Association, Housing Policy Council, and Independent Bankers Association of New York State, in support of Defendant-Appellant.*

———————

MARIA ARAÚJO KAHN, *Circuit Judge*:

Plaintiff-Appellee Article 13 LLC brought this quiet title action in the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*) on August 6, 2020, seeking to discharge a mortgage that it contends is time-barred. As relevant here, the six-year statute of limitations on an action to foreclose on a mortgage begins to run when a foreclosure action is commenced, and the mortgage debt is accelerated, or the entire mortgage amount made immediately due. *See* N.Y. C.P.L.R. § 213(4); *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021).

At summary judgment, the relevant question before the district court was whether a prior foreclosure action on the mortgage, commenced on August 27, 2007, constituted a valid acceleration of the mortgage debt. According to the district court, that determination depended on whether the entity that had commenced the prior foreclosure

3

action had standing to do so, resolution of which turned on disputed issues of material fact. On that basis, the district court denied the parties' cross motions for summary judgment.

Just days after the district court ruled on the motions for summary judgment, the New York State legislature enacted the Foreclosure Abuse Prevention Act ("FAPA"). 2022 N.Y. Laws 2180–82. FAPA, in part, limits lenders from disclaiming previous foreclosure actions as invalid to accelerate the mortgage debt. FAPA § 7, 2022 N.Y. Laws at 2181-82. Arguing that FAPA effected an intervening change in controlling law, Article 13 LLC moved in the district court for reconsideration of its summary judgment motion. The district court granted reconsideration, applied FAPA, and granted summary judgment to Article 13 LLC.

Defendant-Appellant U.S. Bank National Association ("U.S. Bank"), as Trustee,[1] appealed the district court's judgment.

The principal issue before us is whether, under FAPA, U.S. Bank is estopped from arguing that a mortgage's statute of limitations has not expired because a prior action to foreclose on that mortgage, which commenced more than six years ago, was invalid to accelerate the debt. The answer to that question depends on (1) whether, and to what degree, FAPA applies retroactively to foreclosure actions commenced before the statute's

---

[1] U.S. Bank is successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-2AX, Mortgage Pass-Through Certificates, Series 2007-2AX.

4

enactment, and (2) if FAPA has a retroactive effect, whether its retroactive application comports with the New York Constitution and United States Constitution. Because the New York Court of Appeals has not addressed the identified state law questions, which are essential to deciding this appeal, we certify the questions to that court.

## BACKGROUND

We summarize the relevant facts supported by the record in the light most favorable to U.S. Bank, the party against whom summary judgment was awarded. *See Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024).

The residential property that is the subject of this case is located at 53 Van Buren Street in Brooklyn, New York 11221 (the "Property"). JAJ Corp. purchased the Property in 2004. In 2005, JAJ Corp. obtained a loan—the first relevant loan here—secured by a mortgage on the Property. That first mortgage was recorded on July 15, 2005. In September 2006, JAJ Corp. conveyed the Property to Lisa Abbott ("Abbott"), who acquired a second mortgage loan from Alliance Mortgage Banking Corp. ("Alliance Mortgage"). Abbott's second mortgage loan was assigned to Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for Alliance Mortgage. That second mortgage was recorded on September 28, 2006. The first mortgage loan was also assigned to MERS, as nominee for Alliance Mortgage, and subsequently recorded on September 28, 2006. By a September 18, 2006 agreement, both loans were consolidated to form a single loan in the amount of $645,000 (the "Consolidated Loan") secured by a mortgage

5

(the "Senior Mortgage") on the Property. That same day and as part of the same agreement, Abbott executed a promissory note (the "Consolidated Note") in favor of Alliance Mortgage, governing the repayment of the Consolidated Loan.

Also on September 18, 2006, the same day that Abbott executed the Senior Mortgage, Abbott took out another mortgage (the "Junior Mortgage") with MERS, nominee for Alliance Mortgage, in the amount of $215,000. Like the Senior Mortgage, the Junior Mortgage was recorded on September 28, 2006.

On January 31, 2007, the Consolidated Loan was sold to a mortgage-backed securities trust, Morgan Stanley Mortgage Loan Trust 2007-2AX, Mortgage Pass-Through Certificates, Series 2007-2AX (the "Trust"). The assignment of the Senior Mortgage to the Trust was recorded on March 5, 2009. U.S. Bank is the trustee and document custodian for the Trust. Until July 31, 2008, Central Mortgage Company ("CMC") serviced the Consolidated Loan on the Trust's behalf.

On February 1, 2007, Abbott defaulted on the Consolidated Loan. Then, on August 27, 2007, CMC brought a foreclosure action (the "Foreclosure Action") against Abbott in New York State Supreme Court, Kings County. The complaint in the 2007 Foreclosure Action identified CMC as the holder of the Consolidated Loan. Nearly a decade later, in May 2017, CMC moved to voluntarily discontinue the Foreclosure Action without prejudice. The state court granted that motion on June 29, 2017.

In 2020, the Junior Mortgage was assigned to Article 13 LLC. That assignment was recorded on July 2, 2020. Article 13 LLC filed its quiet title action before the district court on August 6, 2020, seeking, *inter alia*, a judgment cancelling and discharging the Senior Mortgage as time-barred. After discovery, the parties cross moved for summary judgment. The district court denied both motions on December 28, 2022, holding in part that there was a disputed issue of material fact regarding whether CMC had standing to bring the Foreclosure Action as a "holder" of the Consolidated Note. *Article 13 LLC v. Ponce de Leon Fed. Bank*, No. 20-CV-3553 (HG), 2022 WL 17977493, at *7, *9 (E.D.N.Y. Dec. 28, 2022). That genuine dispute related to material facts because, if CMC lacked standing, the Foreclosure Action was invalid to accelerate the debt, and the statute of limitations on the Senior Mortgage did not begin to run with CMC's initiation of the Foreclosure Action.

Two days after the district court's ruling, on December 30, 2022, New York enacted FAPA, *see* 2022 N.Y. Laws at 2180, which took "effect immediately," FAPA § 10, 2022 N.Y. Laws 2182. In relevant part, Section 7 of FAPA, codified at C.P.L.R. § 213(4)(b), provides:

> In any action seeking cancellation and discharge of record of an instrument . . ., a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

N.Y. C.P.L.R. § 213(4)(b). Section 10 of FAPA also provides that the law "shall apply to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced." FAPA § 10, 2022 N.Y. Laws 2182.

On January 11, 2023, Article 13 LLC filed a motion for reconsideration of the district court's denial of its motion for summary judgment, arguing that FAPA was an intervening change in controlling law. On August 11, 2023, the district court agreed, and held that FAPA is an intervening change of controlling law that applies retroactively without violating the defendant's right to due process. *See Article 13, LLC v. Ponce de Leon Fed. Bank*, 686 F. Supp. 3d 212, 220 (E.D.N.Y. 2023). Applying FAPA retroactively, the district court concluded that the defendant U.S. Bank was estopped from bringing a defense against the quiet title action based on the invalidity of a prior acceleration of the mortgage debt. With the issue of the validity of CMC's acceleration of the mortgage debt no longer materially in dispute, the district court granted summary judgment for Article 13 LLC.

On appeal, U.S. Bank argues that (1) FAPA was not an intervening change in controlling law because it does not apply retroactively, and (2) retroactive application of FAPA would be unconstitutional. As to constitutionality, U.S. Bank claims retroactive application of FAPA would violate substantive and procedural due process rights under the New York Constitution as well as the Due Process, Contracts , and Takings Clauses of the U.S. Constitution. U.S. Bank's appeal thus raises two questions sounding in New

8

York law: (1) whether FAPA applies retroactively as a matter of statutory construction, and (2) whether its retroactive application would violate substantive and procedural due process rights guaranteed by the N.Y. Constitution.[2]

## DISCUSSION

If Section 7 of FAPA does apply retroactively, then U.S. Bank is estopped from arguing (1) that the Foreclosure Action was invalid to accelerate the Senior Mortgage; and (2) that, as a result, the statute of limitations on the Senior Mortgage did not begin to run when the Foreclosure Action commenced and therefore has not expired. Accordingly, the question of FAPA's retroactive application would resolve state-law issues as to whether the Senior Mortgage is time-barred and therefore dischargeable by Article 13 LLC's quiet title action.

In general, we strongly prefer "that the controlling interpretation of [a state] statute be given by [the] state, rather than federal, courts." *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 150 (2d Cir. 2001) (collecting cases). Our preference to certify state statutory interpretation questions to the state's highest court is one that is "rooted in basic principles of federalism." *Id.*; *accord Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 183 (2d Cir. 2017) ("When faced with a question of [state] statutory interpretation in

---

[2] Amici curiae—that is, New York Bankers Association, New York Mortgage Bankers Association, American Bankers Association, Mortgage Bankers Association, Housing Policy Council, and Independent Bankers Association of New York State—move for leave to file an amicus brief. That motion is granted. *See* Fed. R. App. P. 29(a)(2).

particular, principles of comity and federalism strongly support certification." (internal quotation marks omitted)). We may certify questions of law to the New York Court of Appeals "[w]henever it appears . . . that determinative questions of New York law are involved in a case pending before [our Court] for which no controlling precedent of the [New York] Court of Appeals exists." 22 N.Y.C.R.R. 500.27(a); *see also* 2d Cir. R. 27.2 (permitting certification of state law questions to that state's highest court). A request for certification by the parties is not a prerequisite, as "we are empowered to seek certification *nostra sponte*." *Corsair Special Situations Fund*, 863 F.3d at 182–83 (internal quotation marks omitted).

When exercising our discretion to certify questions to the Court of Appeals, we consider whether: (1) the Court of Appeals has "not squarely addressed the issue and other decisions by New York courts are insufficient to predict how the Court of Appeals would resolve it"; (2) the question cannot be answered by the statute's plain language;[3] (3) deciding the question "requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make"; and (4) the

---

[3] Some of our cases have used a three-factor test that does not refer to the language of the statute. *See, e.g.*, *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 544 (2d Cir. 2024) (per curiam) (endorsing three-factor test without consideration of plain language); *Nitkewicz v. Lincoln Life & Ann. Co. of N.Y.*, 49 F.4th 721, 729 (2d Cir. 2022) (per curiam) (same); *Benesowitz v. Metro. Life Ins. Co.*, 471 F.3d 348, 351 (2d Cir. 2006) (same).

answer to the certified question "will control the outcome of the case." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537 (2d Cir. 2020) (internal quotation marks omitted).

Here, the third factor most strongly influences our decision to certify. It is self-evident that deciding FAPA's retroactive application "requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make." *CIT Bank N.A.*, 948 F.3d at 537 (internal quotation marks omitted). FAPA's retroactive application is likely to substantially affect New York's mortgage market. *See East Fork Funding LLC v. U.S. Bank, N.A.*, 118 F.4th 488, 498 (2d Cir. 2024) (recognizing that "FAPA's interpretation has implications for the New York mortgage market, New York property owners, and New York state law governing retroactive application of statutes");[4] *see also* Br. of Amici Curiae N.Y. Bankers Ass'n et al. in Support of Plaintiff-Appellee at 18-22 (discussing the potential impact of retroactive application of FAPA on lenders and borrowers); Intervenor Br. at 6–10 (discussing how the 2007-2008 financial crisis increased successive foreclosure actions, resulting in an initial surge of residential foreclosure actions initiated by lenders with inadequate documentation,

---

[4] We are mindful that the New York Court of Appeals recently declined our certification of a similar question of FAPA's retroactivity in *East Fork Funding LLC* because of "the particular circumstances of [that] individual case." *East Fork Funding, LLC v. U.S. Bank, Nat'l Ass'n*, 42 N.Y.3d 981 (2024); *see East Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488 (2d Cir. 2024). The particular circumstances here differ, however, because this case concerns the retroactive application of a different subsection of FAPA, Section 7, which implicates an open foreclosure action under Section 10. It also raises the question of whether retroactive application is contrary to New York's provision for right to due process.

11

followed by successive actions brought by lenders' successors, who would disclaim the validity of the prior foreclosure actions).

The legislative history of FAPA suggests that the statute was passed to overrule a Court of Appeals decision, *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1, 29, 31–32 (2021) (holding lender's "voluntary" motion to discontinue foreclosure action constitutes a revocation of that acceleration" as a matter of law). *See, e.g.*, App'x 208–09 (N.Y. State Assembly Mem. in Support of 2022 Assembly Bill A7737B) (stating that "Section 8 of the bill . . . is a response to the [N.Y.] Court of Appeals recent holding Freedom Mtge. Corp. v. Engel, 37 NY3d 1 (2021)" and describing, as justification for the bill, the "risk of an onslaught of successive foreclosure actions" that are "a direct result of" *Engel* and other judicial decisions); App'x 247, 250, 259 (N.Y. State Senate Introducer's Mem. in Support of 2022 Senate Bill S5473D) (expressing, as justification for the bill, "an urgent need . . . to overrule the [N.Y.] Court of Appeals' recent decision in *Freedom Mtge. Corp. v. Engel* (37 NY3D 1 [2021])" and noting specific provisions that are "expressly intended to overrule *Engel*"). We consider that court better situated to interpret FAPA's effect on its prior precedent. *See East Fork Funding LLC*, 118 F.4th at 493, 496 (discussing FAPA's legislative history and indicating an intent to "overrule *Engel*"). Accordingly, the third factor heavily supports certification.

The other three factors also favor certification. First, the New York Court of Appeals has not yet weighed in on FAPA's retroactive application. Three out of the four

state appellate division departments have held that FAPA applies retroactively. *See Wells Fargo Bank, N.A. v. Edwards*, 222 N.Y.S.3d 90, 95 (N.Y. App. Div., 2d Dep't 2024); *U.S. Bank Nat'l Ass'n v. Lynch*, 218 N.Y.S.3d 854, 857 (N.Y. App. Div., 3d Dep't 2024); *Genovese v. Nationstar Mortg. LLC*, 199 N.Y.S.3d 513, 517–18 (N.Y. App. Div., 1st Dep't 2023). The fourth judicial department has yet to weigh in on the issue. While we consider rulings by New York's intermediate appellate courts "helpful indicators of how" the Court of Appeals might rule, *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005), neither New York's highest court nor any appellate division court has yet addressed whether the retroactivity of Section 7 violates the New York State Constitution. *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 231 (2d Cir. 2010) (certifying question of state law upon conclusion that New York courts had not had occasion to consider issue analogous to one before this court). Thus, the absence of a controlling judicial interpretation of FAPA slightly supports certification.

Whether FAPA applies retroactively cannot squarely be decided by the statute's plain language alone. Under New York law, the "primary consideration" when interpreting a statute is legislative intent. *Town of Aurora v. Vill. of E. Aurora*, 116 N.E.3d 64, 68, 32 N.Y.3d 366, 372 (2018). The plain text of the statute, in turn, is "the clearest indicator of legislative intent," but it is not the exclusive consideration. *Id*. (internal quotation marks omitted). The statute should be evaluated "as a whole," including "its various sections . . . together and with reference to each other." *Id*. (internal quotation

13

marks omitted). Further, New York law disfavors statutory interpretations of retroactivity "unless the [statute's] language expressly or by necessary implication requires it." *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980, 91 N.Y.2d 577, 584 (1998). At the same time, however, under New York law, "remedial" statutes are generally interpreted to apply retroactively. *Id.* (internal quotation marks omitted).

Here, FAPA Section 10 states that the law "shall take effect immediately and shall apply to all actions . . . in which a final judgment of foreclosure and sale has not been enforced." FAPA § 10, 2022 N.Y. Laws 2182. As an initial matter, the plain language of shall "take effect immediately" is insufficient, alone, to support retroactive application. *See Majewski*, 696 N.E.2d at 980, 91 N.Y.2d at 583-84. Additionally, whether the legislature clearly intended retroactivity by providing that FAPA applies to "actions . . . in which a final judgment of foreclosure and sale has not been enforced" is not readily apparent, particularly considering the overlapping and diverging statutory interpretation presumptions that may apply. FAPA § 10, 2022 N.Y. Laws 2182. Furthermore, even if the plain language of FAPA *did* answer the question of legislative intent, it does not determine whether FAPA's retroactivity would violate the New York Constitution's provision for right to due process. Because FAPA's plain language alone does not decide whether FAPA applies retroactively both as a matter of statutory construction and state constitutionality, certification is appropriate.

The fourth and final factor also weighs in favor of certification. Resolution of the certified questions is necessary to resolve this appeal. If the Court of Appeals interprets FAPA to apply retroactively and that retroactivity does not violate the New York State Constitution, we would conclude our consideration of this appeal by turning to U.S. Bank's federal constitutional challenges to FAPA. On the other hand, if the Court of Appeals rules either that FAPA is not retroactive or that its intended retroactivity violates the State constitution, we would be obliged to remand for dismissal of Article 13 LLC's quiet title action, thus bringing this litigation to an end.

Because all of the relevant factors support certification, we believe certification to the New York Court of Appeals is appropriate in this case.

## CONCLUSION

We certify the following questions to the New York Court of Appeals:

1. Whether, or to what extent does, Section 7 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. § 213(4)(b), apply to foreclosure actions commenced before the statute's enactment?

2. Whether FAPA's retroactive application violates the right to substantive and procedural due process under the New York Constitution, N.Y. Const., art. I, § 6?

The New York Court of Appeals may answer these questions in whatever order it deems best to assist this Court in understanding how New York law applies to this case. In addition, the New York Court of Appeals may modify or expand upon these questions to the extent it wishes to do so.

This panel retains jurisdiction for the purpose of resolving this appeal once the New York Court of Appeals has responded to our certification.  *See* 2d Cir. Loc. R. 27.2.